# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | NO. A-89-CR-244 JRN |
| § | |
| MELTON WILLIAMS § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE JAMES R. NOWLIN
SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is the Defendant's Motion for Termination of Supervised Release (Clerk's Doc. No. 92); the Government's Response (Clerk's Doc. No. 95); and the Defendant's Brief in Reply to the Government's Response (Clerk's Doc. No. 97). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b), 18 U.S.C. § 3401(i), FED. R. CRIM. P. 59(b), and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. BACKGROUND

Melton Williams was sentenced by Judge Nowlin on September 12, 1990, to 240 months of imprisonment, followed by five years of supervised release, for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). After imprisonment of nearly 18 years, Williams commenced supervision on February 8, 2008. On November 7, 2008, Williams was arrested and charged with assault with injury/family violence, relating to an altercation he had with his common law wife, Rene Barmore. Williams pled guilty to the offense, and was sentenced to two years probation on November 14, 2008. The conditions of his probation originally required that he

have no contact with Barmore, but at the request and consent of Barmore, that condition was removed by the state court. Based on the assault conviction, as well as several technical violations, on December 3, 2008, a petition was submitted to this Court alleging that Williams had violated the conditions of his supervision, and a warrant was issued by the undersigned on December 11, 2008. Prior to the federal warrant being executed, Williams was arrested by state officers on a state warrant for alleged violations of his state probation conditions. On February 18, 2009, the Defendant appeared before the state court, his probation was revoked, and he was sentenced to 90 days of imprisonment. Upon completing that sentence, he came into the custody of the U.S. Marshal on the detainer filed related to the warrant in this case. On April 1, 2009, a hearing was held on the Petition, and Williams pled "True" to its allegations. On April 3, 2009, the undersigned recommended that Williams' supervised release be revoked, and that he be sentenced to six months of imprisonment, followed by 24 months of supervised release.

On May 1, 2009, Judge Nowlin issued an order on the recommendation, in which he stated that "finding no plain error, [I] will accept the Report and Recommendation of the Magistrate Judge for the reasons stated therein." *See* Clerk's Doc. No. 90, at 1. In the ordering language, however, he stated that "IT IS ORDERED that Defendant's supervised release be REVOKED and the Defendant be sentenced to 6 months of imprisonment, *with no supervised release to follow*." *Id.* at 2 (emphasis added). Apparently realizing that the order did not track the terms of the recommended sentence, on May 13, 2009, Judge Nowlin submitted an Amended Order, which contained virtually identical language to the original order, except that it stated that "the Defendant's supervised release is REVOKED and Defendant is SENTENCED to 6 months imprisonment, *with 24 months of supervised release to follow*." Clerk's Doc. No. 91 at 2 (emphasis added).

2

Williams completed his six month sentence on September 18, 2009. When he did not report to his probation officer within 48 hours of his release, the officer called Williams on September 24, 2009. Williams reported confusion regarding whether he was in fact on supervised release, given the order and amended order referred to above. The officer informed Williams that he believed that Williams was in fact on supervised release, and directed him to report. On September 28, 2009, Williams reported, and provided a urine specimen. On that same date, through counsel, Williams also filed the instant motion seeking the termination of his supervision, or a ruling by the court that there was not in fact a valid supervised release term in place. On October 1, 2009, the specimen submitted by Williams on September 28, 2009, returned as positive for the use of cocaine, and in a phone conversation with his officer that same day, Williams admitted to having used the substance.

After the referral by Judge Nowlin of the motion to terminate, on October 20, 2009, the Court held a hearing on the motion, and heard argument from the parties. The Court was informed at the hearing that Williams and Barmore continued to reside together and that there had not been any problems since the original incident that led to Williams' arrest. In the intervening three months between the October hearing and this Report and Recommendation, Williams has reported as directed, has had no positive urine specimens, and has not had any involvement with law enforcement.

## II. DISCUSSION

Williams' motion presents two independent grounds for the termination of his supervised release. First, he argues that the District Judge's Amended Order was ineffective because it was not issued within seven days of the original order, as required by the provisions of FED. R. CRIM. P.35

in effect on May 13, 2009 (the date of the Amended Order).[1]  Second, in the event the Amended Order validly imposed a term of supervised release, Williams requests that the Court order the early termination of his supervision.  The Government responds by arguing that the error in the original order adopting the Report and Recommendation was a "clerical error" governed by FED. R. CRIM. P. 36, not Rule 35, and thus the Amended Order was timely and validly imposed a term of supervised release

It is surprisingly complex to determine when an error in a judgment is an "arithmetical, technical, or other clear error," and thus governed by Rule 35(a), and when it is a "clerical error" governed by Rule 36.  The Government makes a strong argument that the error should be viewed as a clerical error, as the original order plainly stated that the recommendation of the undersigned was being "adopted," and nothing in the order states that the adoption was only partial.  Clearly, it appears that the failure to include a term of supervision in that order was the result of a mis-transcription of the sentence recommended by the magistrate judge.  On the other hand, Williams cites several cases where errors that are arguably similar to that at issue here were considered not to be clerical errors, and thus to have been within the scope of Rule 35 and its seven day deadline.  Further, he points out that the general rule is that "[i]t is only a clerical error that may be corrected at any time under [Rule 36].  An error arising from oversight or omission by the Court, rather than through a clerical mistake, is not within the purview of the rule." CHARLES ALAN WRIGHT, NANCY J. KING & SUSAN R. KLEIN, 3 FEDERAL PRACTICE & PROCEDURE CRIMINAL § 611, at 806-807

---

[1] At the time the Amended Order was entered, Rule 35 imposed a seven day deadline on an order correcting a sentence resulting from "arithmetical, technical, or other clear error."  As a result of amendments to the rules effective on December 1, 2009, that deadline is now 14 days.

(2004). He contends that the failure to include the term of supervised release was an "oversight or omission" as opposed to a simple clerical error.

This is plainly a close case under the existing precedents. While the Court is inclined to think that the correct result is that the error was clerical, and was properly corrected in the Amended Order, ultimately the Court need not reach this issue, as it appears that Williams' alternative request that his term of supervised release be terminated should be granted. As recognized by all parties, because of the time at which he was convicted, and the methamphetamine sentencing law then in place, Williams' sentence was much longer than it would have been had he been prosecuted today. In all likelihood he served at least ten more years of imprisonment under the old law than he would have served under existing law. Further, the primary reason that his supervision was revoked was the altercation with his wife. There was evidence presented at the original revocation hearing suggesting that the events of that day were not related entirely accurately to the police (the only evidence the state court had regarding those events when Williams pled guilty to that misdemeanor assault charge was the police report), which was borne out by the fact that Williams was placed on probation, and was permitted to continue to reside with Ms. Barmore. Further, Ms. Barmore testified at the revocation proceeding and requested that Williams be permitted to reside with her. She explained that she has lupus, Williams helps care for her, she and Williams have a relationship that has lasted in the twenty year range, and that they jointly own a home. Further, at the most recent hearing Williams' attorney informed the Court that Ms. Barmore, who is on state parole (for a theft offense), has been told by her parole officer that she cannot reside with Williams while he is on federal supervision. If he is not on supervision, on the other hand, the parole officer does not have an

objection to the two residing together.² Finally, as noted earlier, for the past three months Williams has reported as directed, has remained drug free, and his relationship with Barmore has been stable and peaceful.

Having considered all of the above, it is my recommendation that Williams' term of supervised release be terminated. While maintaining him on supervision will no doubt have some benefit, the harm it will do to his readjustment into society outweighs this. His only affordable place to reside is with Ms. Barmore, in the house he co-owns with her. Ms. Barmore wants and needs his assistance given her lupus. If he is on supervised release, he will not be able to reside there, however, as result of Barmore's parole conditions. Further, the stable relationship with Barmore is also likely to assist Williams' successful reintegration into society, and that relationship will be strained if the two cannot reside together. Finally, Williams has more that sufficiently served his "debt" to society with the time he has spent incarcerated for this offense.

### III. RECOMMENDATION

ACCORDINGLY, for the reasons set forth above, the undersigned hereby RECOMMENDS that the Defendant's Motion for Termination of Supervised Release (Clerk's Doc. No. 92) be GRANTED IN PART AND DENIED IN PART. The motion should be GRANTED as to Williams' request for an early termination of his supervised release, and DENIED AS MOOT as to his argument that the 24 month term of supervised release was not validly imposed. IT IS FURTHER

---

²This is just one example of the many baffling aspects of state parole in Texas. One would think that the fact that a parolee's roommate is a felon who is *on* supervision would give the state parole authorities more comfort than if the felon is *not* on supervision. But the undersigned has long ago stopped trying to understand Texas state parole policies.

RECOMMENDED that the District Judge ORDER that Williams' term of supervised release be terminated.

## IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of February, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE